is number 162456 Luis Adrian Cortes-Ramos v. Enrique Martin-Morales. For the record again, Juan Rodriguez representing the appellant. Your Honor, I would like to take three minutes for rebuttal. All right. Your Honor, we are here in a case of Cortes v. Mr. Martin-Morales. The district court dismissed the case on four different allegations. We addressed them on page 20. Basically, it's a different case from the one of the appellant against Sonny. Mr. Martin was not a, he didn't sign. He was not a member of the contract. He was not a party in the contract. So he's not, any claims from Mr., from the appellant is not bound by the Arbitration Act. The Arbitration Act specifically requires that there has to be a document, a contract signed, and he was not. By definition, in the contract per se, it says that it only covers and they establish which entities are covered in that contract. The defendants in the case brought to the attention of the court that after, during the process of the contest, Mr. Cortes signed two different affidavits on two different occasions. That was after the original contract was signed. Actually, after he was, he won, he was selected in the first 20 finalists of that contest. And the two affidavits that he signed doesn't have, didn't deal with any of that arbitration clause. It was basically a release of liability for physical damage that might be related to the travel to Brazil and to any other TV presentation. Mr., actually, in one of the, in the, one of the reply to the original case, the defendant, not the defendant, the, yeah, defendant, page 29. Let me look for it. Specifically established that Ms. Silva, the person who sent the affidavits on behalf of Sonny to my. I'm totally confused. I have to tell you. Did your client enter a contest? Yes, sir. Were there rules in that contest? Yes, sir. Did he accept the rules? Yes, sir. Did those rules have an arbitration requirement for the dispute? Between the parties. Yes, sir. Did he become a party by entering the contest? My client? Yes. Then I don't understand the issue. Mr. Ricky Martin was not a party. And this is a claim against solely against Mr. Ricky Martin or Mr. Enrique Martin Morales. You agree that a arbitral agreement between the two signatories can designate a third party to be able to be a beneficiary of the arbitration agreement and to enforce it, right? Definitely, Your Honor. Yeah. So your point here is simply that this arbitration agreement wasn't clear enough. In fact, if anything you say, it was clear the other way, that it did not identify a non-signatory as a beneficiary who could enforce. In none of the two cases, discovery hasn't been granted. So no discovery has been done. But not a single evidence or not a single document from Sony or any of the branches has been provided saying, hey, we provide Mr. Ricky Martin. When you say to their argument that by implication, the broad language of the arbitration agreement saying any action has to be arbitrated, any action in connection with the contest rules has to be arbitrated because this is an action with respect to the contest rules. So their argument is, I guess, any action that could be brought against someone, they had gotten your agreement that that would be arbitrated. Now they say you're going back on that agreement by bringing an action in connection with the contest rules in a different form. Mr. Ricky Martin published his CD or song way later after that contest. Well, suppose it was. And we don't even know. Well, suppose I just want to say, wait, I understand that point, which is it's not an argument. It's not in connection with the contest. Suppose it is in connection with the contest rules. I understood you to be saying you still win because he's not a signatory. And he was not identified as a third party beneficiary who can enforce the arbitration agreement. Are you making that argument? Or is your argument only that the reason he can't enforce it is solely because this action is not in connection with the contest rules? It is in connection. Because actually the song that my client submitted to Sony was in relation to that contest. So that's not argued. So your argument is that even though it's in connection with somehow this arbitration agreement doesn't identify third party non-signatories as beneficiaries of the arbitration agreement that can enforce it. Because we don't know. Actually, at this point, we don't really know if they have any type of agreement because he was the singer in that song. It came like a year after the contest. But besides that, we haven't seen any connection between Sony and Ricky Martin into that problem. Well, what kind of connection do you – I mean, I understand your argument. What kind of connection are you – would you be satisfied with that would permit Ricky Martin to enforce against you? We have to conduct a discovery to see if they released under that contract, they released ownership of those copyright or any type of authorization. What does that have to do with whether he can enforce the arbitration agreement? Because if I'm correct on accessing your question is why he should be – Mr. Martin should be part of that release of copyrights from my client, correct? I think it's more simple than that, which is just there's an arbitration agreement, an arbitration clause. He's trying to enforce it. He didn't sign the agreement that led to the arbitration. He's not a signatory to that. So he's not covered for that one. So their argument is, but he implicitly is because he's an implied third party beneficiary. And you're, I thought, saying no. Well, under that standard, without any evidence, anyone can say, hey, I saw the different contestants. I get the – But are you suggesting there is some evidence they could come up with that would satisfy you that he is an implied beneficiary? Or are you simply saying this arbitration clause doesn't contemplate any third party beneficiaries being able to enforce it because it's just between the parties? I thought that was your argument. It is. I'm not close to some sort of contract between the parties that come out. So I don't know the answer until I see the document, if there is a document or any other provision. But I would have to check on those documents to see where those documents were signed. Well, it kind of matters for our purposes of whether we're going to vacate or whether we're going to reverse. Or whether we're going to affirm. But, I mean, those are two different dispositions. That's right. If you suggest that actually there is room under this agreement for there to be a third party beneficiary, it depends on what the evidence shows. That's a different outcome for you than if you say, no, the terms of this arbitration agreement are such that there can be no third party beneficiary because it was just an agreement between the parties. I understand. The basic law and the interpretation of the courts is there's an agreement between two parties, and that agreement has an arbitration clause that is binding to the parties. Even in the case of there's fraud committed into getting that arbitration clause in that one. So it has to be left to the arbitrator, even in the case of a fraud. But if the arbitration clause was put afterward, there's a different arbitration clause put in later, the party can bring that to the court if it's fraud. But as it is now. I'm sorry, but you're going sideways on something that I don't think is, at least to me, is not of interest. Here's what happens, as I understand it. Your client submits an entry in this contest. OK. After that, the representative of the contest emails your client and says, reconfirm all the terms and conditions set out in the official rules. OK. Your client answers. I understand all of this is all in writing. Am I right? Yes, sir. I understand all of terms and conditions mentioned in the email. That's what I just referred to. Why does that not make him bound by whatever agreement existed already? Because he had already submitted his entry. In the case of ‑‑ first, we are tied to the decision in the previous case. So, but the case against my client against Sony. So, that's a solved issue. So, we're bound by the ruling of the court. Ricky Martin is a different party. I know he's a different party. The documents that he received clearly established that they attached to that email were the contest rules. And we submitted documents that they were not. He signed it. But, actually, he didn't receive those rules in that email. And that's part of our brief. And we submitted a copy of the email. Clearly established there was nothing attached. But he was in the middle of the contest. He was told, hey, you are selected. If you want to continue on this contest, you have to submit these two affidavits. He already signed the original one. But he signed that in blank. Even though he made an affidavit, he did not receive what he was supposed to. Are these all issues to be brought up before the arbitrator? Say that again? Are these issues that are properly before the arbitrator, not before the court? When there's an amendment to any contract, including different people or different arbitration clause, that, by the Supreme Court, established that those amendments, because they were not part of the original contract, has to be decided if there's an issue of fraud before a district court, before it moves to the arbitrator. No, there's a separate point that I make sure I understand it. There is no question there's an arbitration agreement in place. One way of thinking about the case is the question is the scope of the arbitration agreement. It's our position. As much as the scope of the arbitration agreement, that's usually for the arbitrator. You have to be making the argument that somehow because the other party to the arbitration agreement is not in the suit, the right way to think about this case is not as it being about the scope of the arbitration agreement, but is instead about whether there's an arbitration agreement. But do you have any authority to suggest that's how we should look at it and the issue is whether a third-party beneficiary of a concededly-extent arbitration agreement is covered or not? Do you follow? Yes, Your Honor. Because of the arbitration clause and the law. I mean, the law and the arbitration clause is binding. They have to be clear, first, in the document. Second, the document, per se, that they signed, that my client signed, is clearly established. This is a condition. This is binding between these two parties. And it's clear on the document. Your real argument is if you want the arbitrator to decide whether this non-signatory can enforce it or not, that's Sony's claim. Sony's not in the suit. That's right, Your Honor. So they can come in, I guess, and seek an injunction or something like that. But they've chosen not to do that. So as between you and Ricky Martin, all you've got is a person who says, I'd like to enforce an arbitration agreement. Your response is there's no agreement between the two. That's right, Your Honor. Like I was saying before, I probably wasn't clear in that one. I say, this claim can be brought, anyone who saw the contest can bring it in and say, hey, by the way, I'm going to publish this song under my name. And guess what? Because you sign an agreement between Sony and you, well, you can assume you have to go to the arbitrator. So it cannot be like that. It has to be more. And the different cases, the case law says this is the person. I mean, the contract is clear. It has to go to the arbitrator. I checked all the case laws, and there's not all. It's really hard. But anything else goes to the district court or the court to decide it. And there's not an agreement here between Enrique Martin and our client. Okay. Your time is up, except that Judge Blanchard has a question he wants to ask you. No questions. Thank you. Mr. Rose? Good morning again. Good morning, Your Honor. Good morning. May it please the Court. David Rose of Prior Cashman on behalf of Enrique Martin Morales. In a previous appeal, this Court has already decided that all claims relating to, touching upon, or concerning the contest at issue are to be submitted to arbitration. It's determined that the arbitration provision is enforceable against the plaintiff. And it also determined, and this is not a point that was brought up in Plaintiff's argument, but it's. I have to tell you that I'm a little intrigued by the argument that's being made by your opponent. We start with a proposition that arbitration is a contractual. If you don't have a contract to arbitrate, nobody can force you to arbitrate unless it happens to be a special law dealing with special arbitration. And basically what he is arguing, as I see it, is that there's no contract to which his client has agreed to arbitrate. Now, am I correct in that your argument is that there's an implied contract because he entered the contest, et cetera, because he signed the affidavits? Is that my understanding of your argument correctly? Yes, effectively, Your Honor. So the contest rules themselves are sufficiently broad, we believe, to cover Martin under the arbitration provision. But also, when the plaintiff signed the release and affidavit to which the contest rules were appended, he reaffirmed his assent to those contract rules. And both of those documents included Martin as, in one case, an indemnity beneficiary, and in another case, a recognized participant performer in the contest. So what he did was sign two documents that reaffirmed the rules with Martin involved. Here's the thing that I don't – if the question was, was there a contract to arbitrate between the two parties, that would not be decided by an arbitrator, right? Whether there was a contract between the two parties. To arbitrate. Right. I would argue yes, because it says that all – In general, when we try to determine, is there an arbitration agreement at all, that's not usually for the arbitrator. Well, this Court did decide in the previous appeal with Sony that the allegations – That's not even my question. Just forget everything else. Just in principle, the question of whether there is an arbitration agreement between two parties, that's not for the arbitrator. Typically. Yeah, okay. So what is unusual about this case is, on the one hand, we know that one of the parties to this dispute has an arbitration agreement. We also know that he does not have a contract with the party seeking to force arbitration. Both of those things are true. I wouldn't say he doesn't have a contract. I would say – In which the person trying to seek to enforce the arbitration is claiming to be a third-party beneficiary of an conceitedly existent arbitration agreement. Is the right thing to do to treat that as if this is a case in which we're just talking about the scope of an existing arbitration agreement? If so, it's for the arbitrator. Or do we treat that as a case about whether there is an arbitration agreement to enforce, in which case it wouldn't be for the arbitrator? How do we choose between those two? I would say it's the former. Yeah, I would say it's the former because of the language of the documents in the record. If you go to the language of the documents, the arbitration agreement provision in the arbitral agreement seems to be limited to the parties. It refers to neither party being able to do this. It refers to the parties being able to do that. Well, the only parties to that agreement exclude Mr. Martin. He might be a third-party beneficiary if you could show that he was. But there's nothing in the text of the actual arbitral provision that suggests that he is. Yeah, I would agree. And since that's the case, I think the only way I can see that you could win is if you say, well, that's just not for a court to decide. That's for the arbitrator to decide. But I guess that just takes you back. Well, any person can walk in not being a signatory to an agreement and leapfrog over the court and get right into the arbitration to have them decide, even though they had no contract to arbitrate. It just seems strange to me. I think the language of the arbitration provision itself and then the two releases – I'm sorry, the release and the affidavit that were signed – But neither release or affidavit talks about arbitration. No, but – They just tell you that there's an agreement that would trigger the arbitration clause. So the only thing that's going to make it possible for Mr. Martin to enforce arbitration is the text of that arbitration clause. There's nothing else. And his third-party beneficiary status. And then that raises – His third-party beneficiary status has to be a third-party beneficiary of the benefit of arbitrating, and that can only be located in the arbitration clause. I don't know that that's – I don't believe that's necessarily true. Well, he could be a third-party beneficiary of some other aspect of the contract, but he's trying to be – the benefit he's claiming is the right to arbitrate. I think if you look at the breadth of that arbitration provision and then the matters on which he is then incorporating – I'm saying that that's as between the parties because it talks about what neither party can do, which is bring any other action, but he's not a party. He's not a – he's not a signatory. He's not a party. Well, true, but he's a third-party beneficiary. The text of the statute, the text of the arbitration provision says neither party. That's correct, but – But he's not one. Correct. So it doesn't seem to be contemplating him in that clause. That clause as initially drafted and initially assented to by the plaintiff, but when the plaintiff then later signs two documents that incorporates Martin into the contest rules, when you then couple that with the provision and its breadth, all claims – Neither party. It says – He's never going to agree to more than the arbitration clause, no matter what he does, unless there's a new arbitration clause. But I think that perhaps, and I may be misinterpreting, I may not be getting Your Honor's point, and I apologize for that. The way I'm looking at it, and again, I apologize for that, is that you've got a situation where you have a provision that encompasses all claims, and then you've got – The question is all claims between – everyone or all claims between the parties? All claims between anybody associated with the contest. What do you do about the text of the arbitration agreement that refers to neither party? That's my problem. Let me just take a quick look to confirm one thing, so I can answer your question directly. Towards the end of the arbitration section, it says, Neither party shall be entitled or permitted to commence or maintain any action in the court of law with respect to any matter in dispute until it shall have been submitted to arbitration. But that just speaks of neither party. And then it later says, Prior to the appointment of an arbitrator, at any time, either party may seek penitentiary relief in a court of competent jurisdiction. Again, that's any party. So that's my problem. Yeah, and then I guess the way that that would be addressed is to say, perhaps at the time these contest rules were drafted, Martin was not a party to it. However, when he subsequently brought into the scope of the contest, and again, you've got a provision that talks about all claims relating to the contest, irrespective of whether it's between the parties or somebody who is entitled to the benefit of the contest rules by virtue of their inclusion, I believe that is what allows for him to invoke the arbitration provision as it relates to any claim pertaining to the contest. And there's some other contentions that were raised in the appellant's brief that I can go into very briefly. The first is that with regard to the contention that he was somehow fraudulently induced to sign on to the contest rules, there, as I stated before, this court has already determined that those arbitration rules are enforceable against him as a general matter. And this goes to the scope question a little bit, which is where I was going, there, in that previous appeal as well, the court determined that whether there's a fraudulent inducement claim to vitiate the contest rules is something that the arbitrators are to determine. And that's why kind of taking that forward, when I was answering your question initially, Judge Barron, my approach was to say, if we're talking about a contention that the arbitration provision is not applicable, well, there already is a determination from this court that that's something for the arbitrator to decide. And it came up, admittedly, in the context of a fraudulent inducement analysis. Between the parties. Between the parties. Correct. Correct. But either way, it still is a question of whether there's a valid arbitration provision between parties, who, one seeking to invoke it and one seeking to reject it. With regard to the contentions about discovery, there, this is a 12v6 motion. It's pre-answer. All the documents that the court reviewed were attached to the complaint. So I'll just conclude, unless Judge Leif has any questions or your honors have any additional questions, by saying that you have an agreement that is broad in scope, covering all claims. Mr. Martin was an integral part of that contest, as acknowledged by the appellant. He is entitled to invoke the rules relating to the contest that he is a part of. And the district court held Mr. Cortez-Ramos to his agreement and I respectfully submit that this court should affirm and do the same. Thank you. Let's see if Judge Leif has any questions. Just very quickly, as counsel, just as a matter of basic contract law, I have this, maybe this is from Longer Road Contracts 101, but my sense that this concept of an implied third-party beneficiary is sort of an odd one. I thought as an integral to the law of third-party beneficiary that there is a degree of clarity and explicitness that is required in the contract between the parties. If one is to conclude that a party claiming to be a third-party beneficiary is, in fact, a third-party beneficiary, I thought there were requirements of clarity and explicitness in order to include one's third-party beneficiary status, not the kind of implication process that you are urging upon us here. Is that not correct? There does need to be some clarity to it. There are basically three elements to a third-party beneficiary contract. The first is a valid contract between the parties. The second is an intention to benefit the intended third-party beneficiary. And the third is an immediacy in the sense of the ability. There is a sense of clarity in a way that Your Honor phrased it. Here you have that because what you have are two documents that the plaintiff signed, which expressly incorporate Martin as a beneficiary of the contest rules. And, again, because the contest rules provide so broadly that all claims relating to the contest and the plaintiff's submission to the contest, which is what we are dealing with here, are to be arbitrated, once you have Mr. Martin incorporated in an extrinsic part of that contest and the contest rules, he is entitled to avail himself of that arbitration provision, again, because this claim relates to the submission to that contest. Thank you. Thank you. Thank you. Thank you, Your Honor. Mr. Rodriguez, how much time did you reserve? How much? All right. The law is clear, Your Honor. When both parties, when parties sign a contract with an arbitration clause, that has to be, the entire contract has to be adjudicated by an arbitrator, even probably with a contract, of the validity or any fraud. Defendant is claiming that a document that was signed after that amend the document and brings new parties into that document has to be adjudicated by the arbitrator. It goes against the case law that says if there's a contract between two parties and an arbitration clause is added later, that arbitration clause can be brought before the judge to decide if that's valid or not, especially if there's fraud involved. And it's clear, the case law. But besides that, the affidavit doesn't have anything about arbitration clause. It's about personal injury or liability. And you can, the affidavits are there. So they are clear on what it is, their contents. It cannot be construed at all. That means that we were including Mr. Martin in the arbitration clause. Well, that's not clear. It has to be clear because that's how you get involved into those type of contracts. It's not that it's given to one party to decide it all. For purpose of the law, that's what it means. It has to be adjudicated by the judge. Actually, because it's a matter of contract. Also, the... But you also want to say in adjudicating it as the judge, you also want us to say that... The court... No, but you want us to do more than simply decide that it doesn't first go to the arbitrator. You want us to decide that when we then look at it, we should conclude he is not a beneficiary and therefore cannot enforce it. Correct. So when you take a look at how the district court made the decision, they claim it was because that's the standard in this type of case. It has to be adjudicated by the contract, which is by the state or the jurisdiction. This is a... The 280 days were sent from Brazil to Puerto Rico. So it's a conflict of law. We have to take a look which law we're going to be using, either Brazil or Puerto Rico. It's dealing with a contract. It was signed in Puerto Rico. So under Puerto Rico contract law, any doubt in the contract benefits the one who is signing it. We call it a contract of adhesion. Adhesion. So I know that Judge Torrega started here. So... I don't... Sorry, I apologize. I don't see how you can claim that this is a contract of adhesion, but your time is up, so we'll leave that for another day. Okay. Yes, Your Honor. I explained it in the brief. Thank you. Oh, wait a minute. Judge Lippert. I'm fine. Thanks. No questions? Oh, okay. Permission to withdraw. Thank you.